**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ROBERTA WOODWARD,

       Plaintiff,

vs.                                       Case No.  2:05-cv-552-FtM-34DNF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 16; Report & Recommendation), entered March 16, 2007, recommending that the decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for Disabled Widow's Benefits under the Social Security Act be affirmed.  Plaintiff filed objections to the Report & Recommendation on April 5, 2007, see Plaintiff, Roberta Woodward's, Objections to the Report and Recommendation (Dkt. No. 20; Objections), and on April 19, 2007, Defendant filed a response to the Objections, see Response to Plaintiff's Objections to Report and Recommendation of Magistrate (Dkt. No. 21).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If specific objections to findings of facts are timely filed, the district court will conduct a de novo review of those facts.  Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).  In an action seeking review of the Commissioner's final decision under the Social Security Act, the

Commissioner's decision may be reviewed by a district court pursuant to 42 U.S.C. § 405(g). It is well established, however, that review is limited to "whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam); see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam); Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam).  This review does not include "deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); see also Dyer, 395 F.3d at 1210.

Upon de novo review, the Court finds that Plaintiff's Objections are due to be overruled, and, as recommended by Judge Frazier, the Commissioner's final decision should be affirmed.  However, before doing so, the Court will briefly address Plaintiff's Objections and explain why they lack merit.

Plaintiff only challenges certain conclusions set forth in the Report & Recommendation. See Objections at 2-4. First, Plaintiff contends that the administrative law judge (ALJ) erred in failing to afford substantial and controlling weight to the physical capacity evaluations (PCEs) completed by her treating physician, Dr. Sharon Johnston. See id. at 2-3.  Dr. Johnston completed PCEs, reflecting her opinions regarding the limitations on Plaintiff's ability to work, on two occasions, February 27, 2003, and November 17, 2003. See Tr.[1] at 211-12, 221-22. The ALJ properly considered, discussed, and discounted these

---

[1]	The Transcript of Administrative Proceedings (Tr.) was filed on May 4, 2006, as an appendix to Defendant's Answer (Dkt. No. 11).

opinions in his decision. <u>See</u> <u>id.</u> at 17-18; <u>see also</u> 20 C.F.R. § 404.1527(d); Social Security

Ruling 96-5p. He concluded that the opinions in the PCEs were inconsistent with the

evidence in the record, including the doctor's own notes. <u>See</u> Tr. at 17-18. This finding is

support by substantial evidence.

Plaintiff contends that her allegedly disabling condition is pain in her back, neck, and

leg. <u>See</u> Tr. at 236; <u>see also</u> <u>id.</u> at 21 (Finding No. 5). In May 2001, Dr. Johnston restricted

Plaintiff from all work, <u>see</u> Tr. at 114-16, 121-23; however, on May 25, 2001, Dr. Johnston

concluded that Plaintiff could return to work with the only one restriction – not to lift more

than 20 pounds, <u>see</u> <u>id.</u> at 120. Thereafter, Dr. Johnston did not place any restrictions on

Plaintiff's ability to work or otherwise function. However, on February 27, 2003, and then

again on November 17, 2003, Dr. Johnston opined that Plaintiff could not stand or walk for

more than one hour or sit for more than two hours and could only lift less than ten pounds.

<u>See</u> <u>id.</u> at 211, 221. In addition, she found that Plaintiff could never kneel, squat, crawl, or

climb ladders, and only occasionally bend and climb stairs. <u>See</u> <u>id.</u> at 212, 222.

The severe restrictions identified by Dr. Johnston are not supported by her own notes

or the other medical evidence in the record. For example, as stated above, Dr. Johnston

ultimately cleared Plaintiff to return to work in May 2001, after the February 2001 accident

that allegedly caused Plaintiff's injuries, with only one restriction – not to lift more than 20

pounds. <u>See</u> Tr. at 120, 235. Dr. Johnston did not indicate that Plaintiff was limited in her

ability to stand, walk, or sit or that she had any postural limitations. <u>See</u> <u>id.</u> at 120. In

addition, on December 12, 2001, Dr. Johnston noted that Plaintiff had no motor deficits in

her extremities and the strength of her extremities, including her grip strength, was equal and

intact.  See id. at 201.  Moreover, on several occasions, Dr. Johnston noted that Plaintiff continued to work, despite her complaints of pain, and on another occasion Dr. Johnston suggested that Plaintiff could work when she was taking her pain medications.  See id. at 214, 217-18.

Although Dr. Johnston noted several times that Plaintiff was unable to work and/or that she was disabled, see id. at 111-12, 214, 219, these notes seem to be based on Plaintiff's self-reports.  Indeed, even though Dr. Johnston referenced Plaintiff's inability to work and/or disability, at the same time, she did not impose any restrictions on Plaintiff to preclude her from working or indicate any limitations the type of work that she could do.  In addition, at least some of Plaintiff's complaints regarding her inability to work are apparently unrelated to her allegedly disabling condition.  For instance, on June 8, 2001, and October 1, 2001, Plaintiff informed Dr. Johnston that she was unable to work.  See id. at 111-12.  Yet, shortly after each occasion, Plaintiff was treated at the Health Park Medical Center for conditions unrelated to her allegedly disabling condition.  See id. at 140-45, 192-93.  Notably, during these visits, she was examined; appeared in no distress; had no tenderness in her neck; was not experiencing any problems or abnormalities with her neck, back, or legs; and had a full range of motion in her neck and all of her extremities.[2]  See id. at 140-45, 192.  The objective medical evidence in the record likewise does not support Dr. Johnston's severe restrictions.  Indeed, the MRIs of Plaintiff's spine revealed only disc bulges and degenerative changes – there was no evidence of any other changes or significant

_____

[2]     While Plaintiff asserts that these records as well as Dr. Johnston's notes in 2001 should not be considered because they are "temporally distant," see Objections at 3, this evidence is directly relevant to the issue in this case as it relates to the period of time that Plaintiff contends she was disabled and unable to work due to neck, back, and leg pain.  See Tr. at 56, 233, 235-36.

abnormalities.  See Tr. at 126, 128.  Accordingly, the undersigned concludes that the ALJ properly discounted the opinions expressed in the PCEs.

In her Objections, Plaintiff next argues that there is insufficient evidence to support the ALJ's conclusion that she could perform a full range of medium work. See Objections at 3-4.  Plaintiff's assertion is based, in large part, on her contention that the ALJ improperly discounted Dr. Johnston's PCEs.  See id.  However, as explained supra, the Court finds that the ALJ properly evaluated and weighed those opinions.  The evidence of record, as set forth above, also supports the ALJ's finding that Plaintiff could perform a full range of medium work.   This conclusion is further supported by the fact that the ALJ found Plaintiff's complaints and statements regarding her abilities and limitations were not entirely credible, see Tr. at 19, a finding which Plaintiff does not challenge.  In addition, the evidence reveals that Plaintiff's conditions were only treated with medications, which Dr. Johnston noted were effective, and no surgery was recommended.  See, e.g., id. at 112-13, 215-16, 218. Moreover, as noted above as well as by the ALJ and Judge Frazier, Plaintiff was actually able to work during a portion of the period of time she claims to have been disabled.  See id. at 18, 214, 217-18, 245, 248; Report & Recommendation at 10.  All of the foregoing supports the ALJ's conclusion that Plaintiff could perform a full range of medium work activities.

Even if this finding were not supported by substantial evidence, the Court finds that the Commissioner's decision should be affirmed.  In his decision, the ALJ concluded that, even if Plaintiff were limited to lifting no more than twenty pounds, rather than his conclusion that she could lift up to fifty pounds, she could still do her past relevant work.  See Tr. at 20.

Plaintiff does not challenge this conclusion. Accordingly, upon independent review, the undersigned agrees with Judge Frazier that the ALJ's decision is supported by substantial evidence.

In light of the foregoing, it is hereby **ORDERED**:

1.     Plaintiff, Roberta Woodward's, Objections to the Report and Recommendation (Dkt. No. 20) are **OVERRULED**.

2.     The Report and Recommendation issued by Magistrate Judge Douglas N. Frazier (Dkt. No. 16), as supplemented by this Order, is **ADOPTED.**

3.     The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this 28th day of September, 2007.

**MARCIA MORALES HOWARD**
United States District Judge

lc1

Copies to:

The Honorable Douglas N. Frazier
United States Magistrate Judge

Counsel of Record